**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50226 |
| Plaintiff - Appellee, | D.C. No. 2:04-cr-00732-RSWL-1 |
| v. | |
| RAY MAXWELL, Max, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Ronald S.W. Lew, District Judge, Presiding

Argued and Submitted December 11, 2009
Pasadena, California

Before: REINHARDT, TROTT and WARDLAW, Circuit Judges.

Ray Maxwell appeals the district court's denial of his motion to suppress

evidence from the March 31, 2004, wiretap order. Maxwell subsequently pled

guilty to violations of 18 U.S.C. §§ 370 (conspiracy), 2113(a), (d) (attempted and

armed bank robbery), and 924(c) (discharge of a firearm during and in relation to a

crime of violence). Maxwell contends that the wiretap application is facially

_____

*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

insufficient, that the wiretap application failed to demonstrate necessity, and that the district court abused its discretion in finding that the wiretap application demonstrated necessity. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

The wiretap application is facially sufficient, despite erroneously naming Special Agent Trott as the affiant in the application, because 18 U.S.C. § 2518 does not require that the application list the affiant's name. Moreover, the application was properly submitted by Assistant United States Attorney Garth Hire, an "attorney authorized by law to prosecute or participate in the prosecution of such offenses" under 18 U.S.C. § 2510(7), and was accompanied by an affidavit that showed the correct name of the affiant, Special Agent Stephen May. The clerical error with respect to the affiant's name in the application does not require suppression of the wiretap evidence. See United States v. Staffeldt, 451 F.3d 578, 582 (9th Cir. 2006), modified, 523 F.3d 983 (9th Cir. 2008).

The wiretap application provides facts sufficient to demonstrate necessity because Special Agent May's affidavit supplies specific and sufficient reasons that relate to the known behavior of the Rollin' 30s Crips, and explains what investigative methods had already been tried, and why other investigative methods would not reasonably be likely to succeed or would endanger the community, the

2

police, or a confidential witness.  See id.  For the same reasons, the district court did not abuse its discretion in finding that the wiretap application demonstrated necessity.  United States v. McGuire, 307 F.3d 1192, 1197 (9th Cir. 2002).

**AFFIRMED.**

3